UNITED STATE BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

Alliance Security, Inc.  BK 17-_11190_
Debtor-In-Possession  CHAPTER 11

EMERGENCY
**MOTION FOR INTERIM ORDER APPROVING USE OF CASH COLLATERAL AND SETTING PROCEDURES FOR NOTICE AND HEARING**

Alliance Security, Inc., ("Debtor-In-Possession" or "Debtor") hereby moves this Court for entry of an interim proposed order, pursuant to 11 U.S.C. §363 and 364; Federal Rules of Bankruptcy Procedure 2002, 4001, 9014; Local Bankruptcy Rules 4001-2 and 9013-2. The Debtor seeks authorization to use the cash collateral of Monitronics Funding, L.P. (the "Secured Creditor"), for thirty (30) days and to provide adequate protection of the Secured Creditor's collateral positions to the extent as proposed and as more fully set forth in the attached proposed Interim Order.

In support of this motion the Debtor submits the accompanying Memorandum of Law.

WHEREFORE, the debtor requests entry of an order, consistent with the attached proposed order, allowing the use of the Secured Creditor's cash collateral for thirty (30) days in order to continue the operation of the Debtor's business.

Alliance Security, Inc.
By its attorneys,

/s/ William J. Delaney
DarrowEverett LLP
1 Turks Head Place, Suite 1200
Providence, RI 02903
Phone: 401-453-1200
Fax: 401-453-1201
wdelaney@darroweverett.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other part who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100.  If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted useless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on July __, 2017 I electronically filed this document with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participants have received notice electronically:

| Gary L. Donahue, Esq. | Gary.L.Donahue@usdoj.gov |
|---|---|
| Sandra L. Nicholls, Esq. | Sandra.L.Nicholls@usdoj.gov |

/s/ C. Michelle Aronhalt

UNITED STATE BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

Alliance Security, Inc.  BK 17-11190
Debtor-In-Possession  CHAPTER 11

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR INTERIM ORDERS (1) APPROVING USE OF CASH**
**COLLATERAL (2) SETTING PROCEDURES FOR NOTICE AND HEARING**

Alliance Security, Inc. ("Debtor-In-Possession" or "Debtor") hereby files this memorandum of law in support of its motion for entry of interim order, pursuant to 11 U.S.C. §363 and 364, Federal Rules of Bankruptcy Procedure 2002, 4001 and 9014, and Local Bankruptcy Rules 4001-2 and 9013-2. The Debtor seeks authorization to use the cash collateral of Monitronics International, Inc. ("Secured Creditor") and to provide adequate protection of the Secured Creditor's collateral position to the extent necessary. The Debtor also seeks to order approving the procedures employed in providing notice of this motion and hearing thereon.

The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on July 14, 2017. The Debtor has continued to operate and manage its business and property since that date as a Debtor-In-Possession, pursuant to Sections 1107-1108 of the Bankruptcy Code. The Debtor operates a security monitoring company located at 60 Jefferson Park Road, Warwick, Rhode Island (the "Property"). The Debtor-In-Possession is owned by its shareholders.

On or about April 22, 2008 the Secured Creditor and the Debtor-In-Possession entered into a certain alarm monitoring Purchase Agreement (the "Agreement") which Agreement has been modified on eight (8) occasions. By virtue of the Agreement, the Debtor-In-Possession sells and has sold alarm monitoring contracts (the "Accounts") to the Secured Creditor, who purchases the Accounts and provides monitoring service of same.

The Secured Creditor also filed UCC-1 Statements and Continuation Statements (the "UCC's) at the Offices of the Rhode Island and the Delaware Secretary of State to perfect its security interest in the Accounts. The Assignment and the UCC's are hereafter collectively referred to as the "Loan Documents." As of July 1, 2017, the balance due on the Agreement was $4,613,000.00 plus interest, fees and costs (the "Balance").

1

The Debtor defaulted on its obligations to the Secured Creditor. The Debtor-In-Possession engaged in efforts to refinance the Balance, but has been unable to find a new investor.

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the covenants herein contained, the Debtor-In-Possession agrees as follows:

1. The Debtor-In-Possession hereby acknowledges and confirms that: (a) as of July ___, 2017 the outstanding balance due to the Secured Creditor under the Agreement is $_____ plus interest, costs and fees and interest, which continue to accrue.

**ARGUMENT**

Section 363(c)(2) of the Code states in relevant part, "The Trustee may not use, sell, or lease cash collateral…unless (A) each entity that has an interest in the collateral consents; or (B) the court, after notice and a hearing, authorizes such use." This section further provides that the court may condition such use as is necessary to provide adequate protection to the entity claiming to be secured by the cash the debtor seeks to use. Id. By the instant Motion, the Debtor seeks to use its pre-petition cash, accounts receivable and post-petition generated receivables to pay its post-petition operating expenses, United State Trustee quarterly fees, professional fees and any and all other expenses deemed necessary by the Debtor for the operation of the Debtor and to finance its operation under §§1107 and 1108 of the Code and its anticipated plan of reorganization. The Debtor seeks to use its cash and equivalents despite the security interest of the Secured Creditor in these assets by offering the Secured Creditor adequate protection in the form of a replacement lien for any diminution in value which results from Debtor's post-petition use of the prepetition collateral.

The Debtor believes that: (1) its reorganization is in the best interests of its unsecured creditors, the Secured Creditor and the equity holders, (2) that its pre-petition cash and receivables and its post-petition generated receivables are its only means of financing a successful reorganization, and (3) that the secured claims of the Secured Creditor are being adequately protected.

**The use of cash collateral is in the best interests of the Debtor and its creditors.**

The cash currently held and yet to be generated by the operation of the Debtor's business is the sole source of funding for the continued operation of the Debtor's business leading to its

plan of reorganization under Chapter 11 of the Code. Therefore, the use of cash collateral is essential to the Debtor's operation and reorganization. If the Debtor is unable to use cash collateral it will be unable to pay the Secured Creditor and its current operating expenses. The inability to pay these expenses will lead to the immediate demise of the Debtor's business. The preservation of the Debtor's business as a going concern is beneficial to all constituents of the Debtor's business, including the Secured Creditor. If immediately liquidated, it is unlikely that the obligations of the Secured Creditor would likely be paid in full, and the unsecured creditors would receive virtually little to nothing on account of their claims.

The Debtor holds no unencumbered assets available to secure alternative financing of its continued operations. The Accounts and cash-on-hand are subject to the claim of the Secured Creditor pursuant to various respective documents including the Assignments and those executed in connection therewith and UCC filings. Post-petition generated receivables from post-petition operations and dues from members are subject to the Secured Creditor's security interest.

In the Debtor's business judgement, it is currently unable to obtain unsecured credit allowable as an administrative expense under §503(b)(1).

In order to determine if a secured creditor is adequately protected such that its collateral may be used in reorganization, the first logical step is to consider the value of the creditor's claim in relation to the collateral which secures it. Baybank-Middlesex v. Ralar Distributors, Inc., 69 F. 3d. 1200, 1203 (1st Cir. 1995). "The classic protection for a secured debt…is the existence of an 'equity cushion' Id. (quoting First Agricultural Bank v. Jug End in the Berkshires, Inc. (In re Jug End in the Berkshires, Inc.), 46 B.R. 892, 899 (Bankr. D.Mass. 1985).

The Secured Creditor's claim is fully secured by a Mortgage against the Property, the Assignment and the Security Agreement in all the Debtor's accounts property.

The Secured Creditor's claims are secured to the extent of their respective interest in the Debtor's interest in the claimed collateral. 11 U.S.C. §506 (a). Since it appears the entire value of the Debtor's assets are consumed by the claims of the Secured Creditor, the value of the assets serving as security will ultimately have to be determined to assess the full extent of the Secured Creditor's security. See 11 U.S.C. §506(a). In the interim, based upon the value of the Accounts alone, it is believed that the Secured Creditor is fully secured.

**CONCLUSION**

As secured creditor, the Secured Creditor's interest in the Debtor's cash collateral is entitled to protection based upon the value of the interest in the Accounts for ongoing operations while providing the Secured Creditor protection of its security interest in Debtor's prepetition collateral. In light of the foregoing, the Debtor, subject to Court approval, seeks permission to use cash collateral for ongoing operations.

                                               Alliance Security, Inc.
                                               By its attorneys,

                                               /s/ William J. Delaney
                                               DarrowEverett LLP
                                               1 Turks Head Place, Suite 1200
                                               Providence, RI 02903
                                               Phone: 401-453-1200
                                               Fax: 401-453-1201
                                               wdelaney@darroweverett.com

Dated: July 14, 2017

Alliance Security, Inc.
Cashflow forecast; 24 weeks
13-Jul-17

| | 16-Jul | 23-Jul | 30-Jul | 6-Aug | 13-Aug | 20-Aug | 27-Aug | 3-Sep | 10-Sep | 17-Sep | 24-Sep | 1-Oct | 8-Oct | 15-Oct | 22-Oct | 29-Oct | 5-Nov | 12-Nov | 19-Nov | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning balance | 1,150,000 | 670,079 | 237,769 | 817,596 | 776,890 | 885,296 | 951,311 | 1,041,326 | 1,115,575 | 1,053,724 | 1,117,823 | 1,199,834 | 1,207,236 | 1,331,944 | 1,386,522 | 1,485,027 | 1,582,532 | 1,058,630 | 1,143,203 | 1,243,704 | 1,379,845 | 1,217,092 | 1,305,160 | 1,370,157 |
| Funding | | | 1,249,618 | | | | | | | | | | | | | | | | | | | | | |
| Cash out Inventory* | | | (97,650) | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 485,962 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 624,809 | 485,962 | 624,809 | 624,809 | 624,809 |
| Cash out Dealers | (188,773) | (188,773) | (188,773) | (97,650) | (97,650) | (97,650) | (97,650) | (75,950) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (97,650) | (75,950) | (97,650) | (97,650) | (97,650) | (60,450) |
| Cash out CGS - Credit scores | (5,000) | (5,000) | (5,000) | (188,773) | (188,773) | (188,773) | (188,773) | (139,832) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (188,773) | (139,832) | (188,773) | (188,773) | (188,773) | (104,874) |
| Cash out CGS - Contract monitoring | (10,000) | | | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) |
| Cash out CGS - Wages & PR Taxes | (73,650) | (73,650) | (75,890) | | (10,000) | | | | (10,000) | | | | | (10,000) | | | | (10,000) | | | | (10,000) | | |
| Cash out CGS - Insurance/Retirement | (1,150) | (1,150) | (1,150) | (73,650) | (73,650) | (73,650) | (75,890) | (73,650) | (73,650) | (73,650) | (75,890) | (73,650) | (73,650) | (73,650) | (73,650) | (75,890) | (73,650) | (73,650) | (73,650) | (75,890) | (73,650) | (73,650) | (73,650) | (75,890) |
| Cash out CGS - Auto/Fuel/Technician support | (13,100) | (38,100) | (13,600) | (33,150) | (1,150) | (1,150) | (1,150) | (33,150) | (1,150) | (1,150) | (1,150) | (33,150) | (1,150) | (1,150) | (1,150) | (1,150) | (33,150) | (1,150) | (1,150) | (1,150) | (33,150) | (1,150) | (1,150) | (1,150) |
| Cash out CGS - Utilities | (1,500) | (1,500) | (1,500) | (6,100) | (13,600) | (38,100) | (13,600) | (6,100) | (38,100) | (13,600) | (13,600) | (6,100) | (13,600) | (6,100) | (13,600) | (13,600) | (13,600) | (6,100) | (13,600) | (38,100) | (13,600) | (6,100) | (45,600) | (6,100) |
| Cash out OpEx - Wages & PR Taxes | (101,655) | (99,655) | (99,655) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) |
| Cash out OpEx - Insurance/Retirement | (2,975) | (2,975) | (2,975) | (99,655) | (99,656) | (99,657) | (99,659) | (99,660) | (99,661) | (99,662) | (99,663) | (99,664) | (99,665) | (99,666) | (99,667) | (99,669) | (99,670) | (99,671) | (99,672) | (99,673) | (119,674) | (99,675) | (99,676) | (99,678) |
| Cash out OpEx - Hardware/Software | (10,199) | | (5,359) | (24,375) | (2,975) | (2,975) | (2,975) | (24,375) | (2,975) | (2,975) | (2,975) | (24,375) | (2,975) | (2,975) | (2,975) | (2,975) | (24,375) | (2,975) | (2,975) | (2,975) | (24,375) | (2,975) | (2,975) | (2,975) |
| Cash out OpEx - Corp Ins / Bank fees | (42,050) | (550) | (550) | (85,691) | (10,199) | (8,000) | (5,359) | (54,373) | (41,517) | | (13,359) | (54,373) | | (41,517) | (8,000) | (5,359) | (44,373) | (41,517) | (8,000) | (5,359) | (44,373) | (41,517) | (8,000) | |
| Cash out OpEx - Office exp/Rent/Utilities | (8,950) | (8,950) | (24,850) | (550) | (4,050) | (40,550) | (550) | (50) | (550) | (44,050) | (550) | (550) | (50) | (34,050) | (550) | (50) | (550) | (4,050) | (30,550) | (550) | (50) | (550) | (34,050) | (550) |
| Cash out OpEx - Taxes/License/Permits | (5,688) | (3,188) | (3,188) | (47,283) | (8,950) | (8,950) | (24,850) | (37,283) | (18,950) | (8,950) | (24,850) | (37,283) | (18,950) | (8,950) | (8,950) | (24,850) | (47,283) | (8,950) | (8,950) | (24,850) | (47,283) | (8,950) | (8,950) | (24,850) |
| Cash out OpEx - Sales Leads/promotion | (26,500) | (26,500) | (26,500) | (5,688) | (3,188) | (3,188) | (3,188) | (5,688) | (3,188) | (3,188) | (3,188) | (5,688) | (3,188) | (3,188) | (3,188) | (3,188) | (5,688) | (3,188) | (3,188) | (3,188) | (5,688) | (3,188) | (3,188) | (3,188) |
| Cash out OpEx - Corporate travel/auto/other | (9,562) | (3,150) | (3,150) | (33,300) | (26,500) | (26,500) | (26,500) | (30,300) | (26,500) | (26,500) | (26,500) | (30,300) | (26,500) | (26,500) | (26,500) | (26,500) | (30,300) | (26,500) | (26,500) | (26,500) | (30,300) | (26,500) | (26,500) | (26,500) |
| Cash reserve PR taxes | 40,000 | 40,000 | 40,000 | (3,150) | (3,150) | (3,150) | (3,150) | (3,150) | (3,150) | (9,562) | (3,150) | (3,150) | (3,150) | (3,150) | (3,150) | (3,150) | (3,150) | (9,562) | (3,150) | (3,150) | (3,150) | (9,562) | (3,150) | (3,150) |
| Cash out payroll taxes | (19,169) | (19,169) | (135,000) | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 |
| 1 time salary | | | | | | | | | | | | | | | | | (520,000) | | | | | | | |
| Provisional | | | | | | | (25,000) | | | | (25,000) | | | | | (25,000) | | | | (25,000) | | | | (280,000) |
| Net flow | (479,921) | (432,310) | 579,827 | (40,707) | 108,406 | 66,016 | 90,015 | 74,249 | (61,851) | 64,099 | 82,011 | 7,403 | 124,708 | 54,578 | 98,506 | 97,505 | (523,903) | 84,573 | 100,501 | 136,142 | (162,754) | 88,069 | 64,997 | (56,045) |
| Ending balance | 670,079 | 237,769 | 817,596 | 776,890 | 885,296 | 951,311 | 1,041,326 | 1,115,575 | 1,053,724 | 1,117,823 | 1,199,834 | 1,207,236 | 1,331,944 | 1,386,522 | 1,485,027 | 1,582,532 | 1,058,630 | 1,143,203 | 1,243,704 | 1,379,845 | 1,217,092 | 1,305,160 | 1,370,157 | 1,314,112 |

*Week 1 - 2: equipment provided through DIP financier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:   Alliance Security, Inc.                                                            Bk No: 17-_____
        Debtor-In-Possession                                                              Chapter 11

### PROPOSED INTERIM ORDER (I) AUTHORIZING USE OF CERTAIN CASH COLLATERAL POSTPETITION (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTY (III) AND MODIFYING THE AUTOMATIC STAY

This matter came to be heard on July ___, 2017, upon the motion (the "Motion") filed by Alliance Security, Inc., as debtor and debtor in possession, (hereinafter "Debtor") for entry of an order (the "Order") authorizing the use of Cash Collateral (as defined below) pursuant to section 363 of title 11 of the United State Code (the "Bankruptcy Code"); ordering adequate protection for any diminution in value including modification of the automatic stay pursuant to Bankruptcy Code section 361, 362, 363 and 507; and in accordance with Rule 4001 (b) (2) and (d) (3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This Court has scheduled the hearing for ___, 2017 to consider this Order on a final basis; and the Court having considered the Motion, including, without limitation, the budget attached to the Motion ("Interim Budget") and upon all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS THAT:[1]

A. *Petition Date*. On July 14, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island (the "Chapter 11 Case").

B. *Debtor in Possession*. The Debtor is continuing in the management and operation of its business and property as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. *Jurisdiction and Venue*. This Court has jurisdiction, pursuant to 28 U.S.C. § 1334,

---

[1] The findings of fact and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014

1

over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue for the Chapter 11 Case appears proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D. *Trustee or Examiner.* No request has been made for the appointment of a trustee or examiner.

E. *Notice.* Notice of the Hearing and the relief requested in the Motion has been given to: (i) the United States Trustee for the District of Rhode Island (the "U.S. Trustee"); (ii) Monitronics Funding LP (the "Secured Creditor"); and (iii) those parties who have entered their appearance in the case pursuant to Rule 2002. Given the nature of the relief sought, this Court concludes that sufficient and adequate notice of the Motion, the relief requested therein and this Order has been given pursuant to Bankruptcy Rules 2002, 4001(b) and (d) and 9014 and section 102(1) of the Bankruptcy Code as required by section 361 and 363 of the Bankruptcy Code, and that no further notice of, or hearing on, the relief sought in the Motion and the relief granted herein is necessary or required.

F. *Prepetition Documents.* The Debtor represents that it is indebted to the Secured Creditor pursuant to the following loan and security documents:

    a. On or about April 22, 2008, the Debtor and the Secured Creditor executed that certain security alarm monitoring purchasing agreement (the "Agreement"). As security for the Agreement, the Secured Creditor also filed UCC statements and Continuation Statement at the Offices of the Rhode Island and Delaware Secretary of State to perfect its security interest in the Accounts (collectively, the "Documents").

    b. As of July 1, 2017, the balance due under the Documents was $4,616,000.00.

G. *Prepetition Liens and Collateral.* As more fully set forth in the Documents prior to the Petition Date, as security for the obligations under the Agreement, the Security Creditor, appears to be the holder of a first-priority security interest in and lien upon substantially all of the Debtor's accounts (collectively, the "Prepetition Lien"), including but not limited to, the cash collateral arising therefrom (collectively, the "Prepetition

2

Collateral"). Nothing contained herein shall constitute a determination by the Court as to the validity and/or priority of the Prepetition Lien.

H. *Cash Collateral.* For purposes of this Order, "Cash Collateral" of the Secured Creditor has the meaning set forth in § 363(a) of the Bankruptcy Code and includes (a) all funds of the Debtor (including any funds subject to a right of setoff in favor of the , any funds on deposit or maintained in any account, and any proceeds of the Prepetition Collateral) as of the Petition Date; (b) all cash proceeds of the Prepetition Collateral received after the Petition Date; and (c) all cash arising from the operation of the Prepetition Collateral.

I. *Adequate Protection.* Pursuant to 11 U.S.C.§ 506(a) the Secured Creditor appears to be entitled to receive adequate protection to the extent of any diminution in value of its interest in the Secured Creditor Prepetition Collateral, resulting from the use, consumption or shrinkage of the the Secured Creditor Prepetition Collateral (the "Diminution in Value"), pursuant to sections 361, 362, 363 and 506(a) of the Bankruptcy Code.

J. *Use of Cash Collateral.* Unless otherwise ordered by this Court, after notice and a hearing, the Debtor's continuing use of the Cash Collateral shall be solely upon the protections, terms and conditions provided for in this Order.

Based upon the foregoing findings and conclusions, the Motion and the record before this Court with respect to the Motion, and good and sufficient cause appearing therefore,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. Motion Granted. The Motion is granted on an interim basis pursuant to Bankruptcy Code section 363(c)(2)(A) as set forth herein, and the use of the Cash Collateral is authorized on an interim basis subject to the terms of this Order. Any objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived or settled are hereby denied and overruled.

2. Authorization to Use Secured Creditor's Cash Collateral Prior and Budget Restraints. Subject to the terms and conditions of this Order, the Debtor is authorized to use the Secured Creditor's Cash Collateral on an interim basis solely and exclusively for the

disbursements set forth in the budget attached hereto (the "Interim Budget") for the period of time from the date hereof until the earlier to occur of (a) August ___, 2017; or (b) the occurrence and continuation of a "Termination Event." A Termination Event shall constitute any of the following:

a. the Chapter 11 Case shall be dismissed or converted to a case under Chapter 7 of Bankruptcy Code or the Debtor shall file a motion or other pleading seeking the dismissal of the Chapter 11 Case pursuant to § 1112 of the Bankruptcy Code or otherwise;

b. a Trustee under Chapter 11 of the Bankruptcy Code, a responsible officer, or an Examiner with enlarged powers relating to the operation of the business (powers beyond those set forth in § 1106(a)(3) and (4) of the Bankruptcy Code) under § 1106(b) of the Bankruptcy Code shall be appointed or elected in the Chapter 11 Case;

c. Relief from the automatic stay is granted pursuant to § 362 as to the collateral; or

d. The Debtor fails to comply with the provision of this Order, including any use of Cash Collateral.

Notwithstanding a "Termination Event," the Debtor shall be authorized to use the Cash Collateral to pay any obligations that were incurred in the ordinary course of business prior to a Termination Event, so long as such obligation is authorized under the Interim Budget.

3. The Debtor's authority to use the Cash Collateral shall continue through August __, 2017 or upon entry of an Order by the Court after Emergency Hearing, upon the occurrence of any of the hereinafter defined "Events of Default." Notwithstanding anything herein or the occurrence of an Event of Default, all of the rights, remedies, benefits and protections provided to the Secured Creditor, the Debtor and all other parties in interest under this Order shall survive the entry of any order terminating this Order. An Event of Default shall constitute any of the following:

a. An application shall be filed by the Debtor for approval to incur debt to third parties, other than unsecured credit in the ordinary course of business, and an order shall be entered authorizing such application;

    b.    Failure of the Debtor to perform its Adequate Protection Obligations;

    c.    The loss, theft, damage or destruction of any the Secured Creditor Prepetition Collateral unless fully covered by insurance; or

    d.    The Secured Creditor may waive in writing any event of Default.

4.    Adequate Protection. The Secured Creditor appears to be entitled, under § 363(e) of the Bankruptcy Code, to adequate protection for any diminution in the value of its Cash Collateral resulting from the Debtor's use thereof. The Court will permit the Debtor's use of the Cash Collateral, subject to and expressly conditioned upon the granting of the following adequate protections (the "Adequate Protection Obligations"), for which the Debtor shall be obligated.

    a.    Post-Petition Lien/Replacement Lien. Pursuant to Sections 361, 363(e) and 506(a) of the Bankruptcy Code, to the extent of any diminution in value which may result from the Debtor's use of Cash Collateral the Secured Creditor is hereby granted a post-petition lien and security interest (the "Replacement Lien") on all of the same types of Debtor's business assets of the estate, whether acquired prior to, concurrently with or after the filing of the Petition Date, against which the Secured Creditor held a security interest and/or liens as of the Petition date, provided, however, that no such liens or claims shall attach to any proceeds of any claims or causes of action asserted by the Debtor, an subsequently appointed estate representative, or any trustee for the Debtor, pursuant to Sections 544, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code. The Secured Creditor Replacement Lien to the extent of its value pursuant to 506(a) granted under this Order shall maintain the same priority, validity and enforceability as its respective pre-petition security interest/liens, as may be later found by the Court, without the need for the execution or filing of any further document or instrument otherwise required to be executed or filed under applicable non-bankruptcy law.

5.    Modification of Automatic Stay. Nothing herein shall prevent the Secured Creditor from seeking, for cause shown, to terminate the use of Cash Collateral or otherwise to obtain relief from the automatic stay or to assert any other rights, claims, remedies, or

5

defenses available to it.

6. <u>Reporting.</u> Commencing on ___, 2017 and for each month thereafter, or some other time at the discretion of this Court, the Debtor shall provide the Secured Creditor and the US Trustee with (a) an actual-to-budget report for July ___ to July ___, 2017 and (b) an aged report of accounts receivable and post-petition accounts payable.

7. <u>Payment Notification.</u>  The Debtor shall provide to counsel for the Secured Creditor Debtor's proof of adequate protection payment(s) upon request.

8. <u>All Acts.</u> The Debtor is authorized to perform all acts and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Order and the transactions contemplated hereby.

9. <u>Rights Reserved.</u> Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of any of the rights of the Secured Creditor, the Debtor and all creditors and parties in interest under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of the Chapter 11 Case, conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans. Other than as expressly set forth in this Order, any other rights, claims or privileges (whether legal, equitable or otherwise) of the Secured Creditor or the Debtor are preserved.

10. <u>Claims Objection.</u> Nothing contained herein shall prejudice the right of the Debtor or any committee, for a period of ninety (90) days from the date of a Final Order, to file a complaint pursuant to Bankruptcy Rule 7001, or any other appropriate pleading, with respect to the extent, validity, perfection or enforceability of the Secured Creditor's pre-petition lien or any other claims whatsoever against the Secured Creditor, including claims arising from or related to the fees, charges, interest, commissions and expenses chargeable by the Secured Creditor pursuant to the terms of the Loan Documents. If such complaint or pleading is not so timely filed, the Secured Creditor's security interest and lien in its pre- petition collateral shall be recognized as valid, binding, allowed and in full force and effect with respect to all parties in this proceeding, including, without

6

limitation, any Chapter 11 Trustee, successor Chapter 11 Trustee, or any Chapter 7 Trustee appointed hereafter, and as a fully secured claim pursuant to Sections 506(a) and (b) of the Bankruptcy Code, subject only to the right of the Debtor, any committee, any subsequently appointed estate representative or such Chapter 11 or Chapter 7 Trustee to seek a determination of the value of the pre-petition collateral as of the Petition Date and whether the Secured Creditor is entitled to post-petition interest, fees and costs pursuant to Section 506(b).

11. <u>No Waiver by Failure to Seek Relief.</u> The failure of the Debtor or the Secured Creditor to seek relief or otherwise exercise its rights and remedies under this Order, the Loan Documents, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of the Debtor or the Secured Creditor.

12. <u>Binding Effect of Order.</u> Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Order shall become valid and binding upon and inure to the benefit of the Debtor, the Secured Creditor and all other creditors of any of the Debtor, any Court-appointed committee appointed in the Chapter 11 Case, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case.

13. <u>Survival.</u> The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (b) dismissing the Chapter 11 Case or any successor case; (c) discharging the Debtor; or (d) pursuant to which this Court abstains from hearing any of the Chapter 11 Case or successor case. The terms and provisions of this Order shall continue in the Chapter 11 Case, in any successor case, or following dismissal of the Chapter 11 Case or any Successor case, and shall maintain their priority as provided by this Order until the indefeasible payment in full of all the Secured Creditor Prepetition Secured Obligations, notwithstanding the expiration of the Specified Period or any earlier termination of the Debtor's authorization to use Cash Collateral.

14. <u>Final Hearing.</u> The Debtor shall serve, using the CM/ECF system or as applicable by United States mail, first-class postage prepaid, copies of the Motion, Final Budget, this

Order and notice of the final hearing (the "Final Hearing Notice") to be held on _____, 2017 at 10:00 a.m. to consider entry of the within Final Order on all creditors of the Debtor. Copies of the Motion and this Order shall be served upon all persons requesting service of papers in the Chapter 11 Case pursuant to Rule 2002 using the CM/ECF system or by United States mail, first class postage prepaid, as applicable, one business day following the receipt of such request. Any party in interest objecting to entry of the proposed Order shall file written objections with the Court by no later than _____, 2017 at 3:00 p.m. (prevailing Eastern time), which objections shall be served so that the same are received by hand delivery or electronic mail on or before such date and time by: (1) counsel to the Debtor, Attention: William J. Delaney, Esq., DarrowEverett LLP, 1 Turks Head Place, Suite 1200, Providence, Rhode Island 02903, (wdelaney@darroweverett.com): (2) counsel to the Secured Creditor, Attention: _____, Esq., mailing address & email.

15. <u>Effect of this Order.</u>  This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon execution hereof.

16. <u>Retention of Jurisdiction.</u>  This Court has and will retain jurisdiction to enforce this Order according to its terms.

ORDER:                                                    ENTER:

_____    _____

Dated:

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017 I electronically filed Proposed Order with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Gary L. Donahue
ustpregion01.pr.ecf@usdoj.gov

Sandra Nicholls on behalf of Assistant U.S. Trustee Gary L. Donahue
sandra.nicholls@usdoj.gov


I hereby certify that on July 14, 2017 I have mailed by United States Postal Service, postage pre-paid, the Proposed Order and a copy of the Notice of Electronic Filing to the attached list of the 20 largest unsecured creditors and non CM/ECF participants.

/s/ William Delaney

Alarm.com, Inc.
Dept. Ch 19481
Palatine, IL 60055-9481

Blue Cross & Blue Shield of RI
PO Box 1057
Providence, RI 02901

Career Education Corp.
PO Box 71674
Chicago, IL 60694-1674

Datagenius Software Labs
1st Floor, 28D
Acheron Drive
Riccarton, Christchurch 8041
New Zealand

Delta Dental
PO Box 845247
Boston, MA 02284-5247

DiSanto Priest & Co.
117 Metro Center Blvd.
Suite 3000
Warwick, RI 02886-1777

Fedex – 4323
PO Box 371461
Pittsburgh, PA 15250-7461

Fedex – 5273
4000 Parkway
Suite #400
San Ramon, CA 94583

Hubspot
(No Address Given)

J&R Marketing
PO Box 19173
Johnston, RI 19173

Liberty Mutual Insurance – 2080
PO Box 2051
Keene, NH 03431-7051

LINEAR_V
1950 Camino Vida Robe
Suite #150
Carlsbad, CA 92008-6517

RingCentral, Inc.
Attn: Accounting Dept.
Dept. Ch. 19585
Palatine, IL 60055-9585

Safe Monitoring Technologies
PO Box 660826
Dallas, TX 75266-0826

Spilman Thomas & Battle
Attn: Accounts Receivable
300 Kanawha Blvd. East
PO Box 273
Charleston, WV 25321-0273

TransUnion-0066
PO Box 99506
Chicago, IL 60693-9506

Tri-Ed-7555
Northern Video Distribution
PO Box 402433
Atlanta, GA 30384-2433

Venable LLP
PO Box 67727
Baltimore, MD 21264-2727

Year Up, Inc.
Attn: Accounts Receivable
45 Milk Street
Boston, MA 02109

AmEx
PO Box 1270
Newark, NJ 07101-1270

BofA CC
PO Box 105576
Atlanta, GA 30348-5576