IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br><br>Alliance Security, Inc.<br><br>Debtor. | Case No. 17 – 11190<br>Chapter 11 |

**MOTION AND MEMORANDUM OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 365 AND 554 AND FED. R. BANKR. P. 6006 AUTHORIZING THE DEBTOR TO REJECT A CERTAIN CONTRACT**

Alliance Security, Inc., the above-captioned debtor in possession (the "Debtor"), by and through its proposed undersigned counsel, submits this motion (the "Motion") for entry of an order, pursuant to sections 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to reject certain unexpired contracts *nunc pro tunc* to the Petition Date (as defined below). In further support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 365 and 554 of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

3.  On July 14, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.  The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Chapter 11 Case.

## BACKGROUND RELEVANT TO THE MOTION

5.  Prior to the Petition Date, among other locations, the Debtor maintained administrative and executive offices (the "Office") at 60 Jefferson Park Road, Warwick, Rhode Island 02888. The Debtor and Monitronics International, Inc. ("Monitronics") are parties to a certain alarm monitoring purchasing agreement dated April 22, 2008 (the "Agreement") for alarm monitoring contracts (the "Contracts").

6.  The Agreement provides, among other things, a mechanism for the Debtor to sell, assign, and transfer a required minimum number of Contracts to Monitronics on a periodic basis as well to participate in of the Monitronics authorized dealer program with respect to the Contracts.

7.  Simultaneous with this Motion, the Debtor has filed a Motion to Obtain DIP Financing, which, if approved by this Court, shall furnish the Debtor the opportunity to increase its operating capabilities and its profitability.

8.  The Debtor no longer desires to remain a party to the Agreement, as it negatively impacts Debtor's general business operations in several central respects and, therefore, the Debtor seeks to reject the Agreement[1]. Rejection of the Agreement will result in immediate

---

[1] For the avoidance of doubt, by this Motion, the Debtor seeks to reject the Agreement and all of its amendments, modifications, and predecessors.

savings and increased profitabilityto the Debtor. To the extent not already accomplished, the Debtor will work with Monitronics to expedite the rejection of the Agreement.

**RELIEF REQUESTED**

9. By this Motion, the Debtor seeks the entry of an order authorizing the Debtor to reject the Agreement.

**BASIS FOR RELIEF**

**A.    Rejection of the Contracts is a Sound Exercise of the Debtor's Business Judgment**

10. Rejection of the Agreement reflects the Debtor's sound business judgment. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, a debtor may assume or reject any executory contract or unexpired lease." *See Butler v. Resident Care Innovation Corp,* 241 B.R. 37 (D.R.I. 1999); *In re Old Carco LLC,* 424 B.R. 633, 638 (Bankr. S.D.N.Y. 2010) (citations omitted); see also *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1099 (2d Cir. 1993), *cert. dismissed,* 511 U.S. 1026 (1994). Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *In re G Survivor Corp.,* 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (noting that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citations omitted); *see also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *In re Taylor,* 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.,* 180 B.R. 83 (Bankr. D. Del. 1995).

11. Courts have defined "business judgment" as "[t]he presumption that in making business decisions not involving direct self-interest or self-dealing, corporate directors act on an informed basis, in good faith, and in the honest belief that their actions are in the

corporation's best interest." *Official Comm. of Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 75 (Bankr. D. Del. 2005). The business judgment standard is not strict; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. Accordingly, courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Banrk. S.D.N.Y. 2003) (recognizing that the business judgment rule shields corporate decision-makers and their decisions from judicial second-guessing); *see also In re Exide Techn.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006) (stating that the business judgment standard "is not a difficult standard to satisfy and requires only a showing that [the debtor's decision] will benefit the estate").

12. As set forth above, the Agreement is no longer necessary or desireable for the Debtor's operations. As such, the Debtor has determined, in its business judgment, that to the extent executory, if not rejected as of the Petition Date, the Agreement will impose a substantial financial burden on the Debtor's estate with insufficient corresponding benefit. Accordingly, rejection of the Agreement effective as of the Petition Date is a sound exercise of the Debtor's business judgment and should be approved

**B. Rejection of the Agreement *Nunc Pro Tunc* to the Petition Date is Appropriate**

13. While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, courts have held that rejection is appropriate retroactive to a date prior to entry of the order authorizing rejection. *See e.g., Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (holding that when principles of equity dictate, a bankruptcy court may approve rejection pursuant to section 365(a) retroactive to the motion filing date); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02-6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court

may approve a retroactive rejection); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the lease premises were surrendered); *US Airways Group, Inc.*, 287 B.R. 643, 647 (Bankr. E.D. Va. 2002) (rejection of aircraft and engine agreements effective on third business day after the debtor provided written notice of rejection).

14.  The Debtor respectfully submits that it is appropriate for the Court to order the rejection of the Agreement (to the extent executory) effective as of the Petition Date. Allowing the Debtor to reject the Agreement as of the Petition Date will expedite the rejection process and save substantial administrative costs and expenses.

15.  Additionally, Monitronics will be immediately relieved of any outstanding obligations under the Agreement (to the extent executory). Accordingly, the Debtor submits that it is fair and equitable for the Court to approve the rejection of the Agreement effective as of the Petition Date.

## NOTICE

16.  Notice of this Motion has been given to (i) Counsel to Monitronics, [NAME/ADDRESS]; (ii) the Debtor's twenty largest unsecured creditors on a consolidated basis; (iii) the Office of the United States Trustee for the District of Rhode Island; (iv) the Internal Revenue Service; and (v) those parties who have filed a notice of appearance and request for service of pleadings in the chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

17.  No previous motion for the relief sought herein has been made to this or to any other Court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: July 14, 2017
Providence, Rhode Island

                                      Respectfully submitted,

                                      **DARROW EVERETT LLP**
                                      /s/ *William J. Delaney*
                                      William J. Delaney, Esq.
                                      1 Turks Head Place, Suite 1200
                                      Providence, Rhode Island 02903
                                      (401) 453-1200 (Telephone)
                                      (401) 453-1201 (Facsimile)
                                      wdelaney@darroweverett.com

                                      *Proposed Counsel to the Debtor and Debtor-in Possession*

                                Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other accepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the

requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2017, I electronically filed this document with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System or by first class mail postage prepaid to the attached Matrix.

/s/ William J Delaney

Alarm.com, Inc.
Dept. Ch 19481
Palatine, IL 60055-9481

Blue Cross & Blue Shield of RI
PO Box 1057
Providence, RI 02901

Career Education Corp.
PO Box 71674
Chicago, IL 60694-1674

Datagenius Software Labs
1st Floor, 28D
Acheron Drive
Riccarton, Christchurch 8041
New Zealand

Delta Dental
PO Box 845247
Boston, MA 02284-5247

DiSanto Priest & Co.
117 Metro Center Blvd.
Suite 3000
Warwick, RI 02886-1777

Fedex – 4323
PO Box 371461
Pittsburgh, PA 15250-7461

Fedex – 5273
4000 Parkway
Suite #400
San Ramon, CA 94583

Hubspot
(No Address Given)

J&R Marketing
PO Box 19173
Johnston, RI 19173

Liberty Mutual Insurance – 2080
PO Box 2051
Keene, NH 03431-7051

LINEAR_V
1950 Camino Vida Robe
Suite #150
Carlsbad, CA 92008-6517

RingCentral, Inc.
Attn: Accounting Dept.
Dept. Ch. 19585
Palatine, IL 60055-9585

Safe Monitoring Technologies
PO Box 660826
Dallas, TX 75266-0826

Spilman Thomas & Battle
Attn: Accounts Receivable
300 Kanawha Blvd. East
PO Box 273
Charleston, WV 25321-0273

TransUnion-0066
PO Box 99506
Chicago, IL 60693-9506

Tri-Ed-7555
Northern Video Distribution
PO Box 402433
Atlanta, GA 30384-2433

Venable LLP
PO Box 67727
Baltimore, MD 21264-2727

Year Up, Inc.
Attn: Accounts Receivable
45 Milk Street
Boston, MA 02109

AmEx
PO Box 1270
Newark, NJ 07101-1270

BofA CC
PO Box 105576
Atlanta, GA 30348-5576